IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STOCKADE COMPANIES, LLC and STOCKADE FRANCHISING, LP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:17-CV-143-RP |
| KELLY RESTAURANT GROUP, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court in the above-entitled matter are Plaintiffs' Opposed Motion for Expedited Discovery, (Dkt. 28), and Defendant's Opposed Motion to Strike Plaintiffs' First Amended Complaint, (Dkt. 31).

## I. BACKGROUND AND OVERVIEW

Plaintiffs Stockade Companies, LLC and Stockade Franchising, LP (collectively, "Plaintiffs" or "Stockade") own and license the trademarks for the Sirloin Stockade, Coyote Canyon, and Montana Mike's restaurants. (Compl., Dkt. 1, ¶ 1). Plaintiffs filed suit against Defendant Kelly Restaurant Group ("KRG" or "Defendant") on February 24, 2017. (Dkt. 1). They subsequently filed a Motion for Preliminary Injunction, which the Court granted in part on May 31, 2017. (Dkt. 26). On that date, the Court ordered KRG to de-brand its Sirloin Stockade, Coyote Canyon, and Montana Mike's franchise restaurants within 21 days. (*Id.* at 7).

On June 9, 2017, Plaintiffs filed a First Amended Complaint alleging that KRG, following the Court's order on Plaintiffs' Motion for Preliminary Injunction, "intends to make purely cosmetic changes to its buffet restaurants" and then "continue to operate identical buffets as it did under" its franchise agreement with Plaintiffs, "thereby misappropriating Stockade's trade secrets and

1

confidential information." (First Am. Compl., Dkt. 27, at 2). Plaintiffs also filed an Opposed Motion for Expedited Discovery, which seeks expedited discovery on the issue of "whether KRG will be using Stockade's trade secrets in its buffet restaurants after de-branding" and whether "KRG will be continuing to use Stockade's buffet system and trade dress with a mere name change." (Mot. Expedited Discovery, Dkt. 28, at 3). KRG then filed an Opposed Motion to Strike the First Amended Complaint, arguing that it was not filed in accordance with Federal Rule of Civil Procedure 15(a). (Mot. Strike, Dkt. 31, at 1).

## II. MOTION TO STRIKE

Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In the instant case, Plaintiffs filed their Verified Complaint for Injunctive Relief on February 24, 2017. (Dkt. 1). They filed their First Amended Complaint 71 days later on June 9, 2017. (Dkt. 27). Defendant contends the Amended Complaint was filed in violation of Rule 15(a) because Defendant filed a responsive pleading in the form of a Motion to Compel Arbitration on March 31, 2017. (Mot. Strike, Dkt. 31, at 1). The Federal Rules make clear, however, that Defendant's Motion to Compel Arbitration does not constitute a responsive pleading for purposes of Rule 15(a). Fed. R. Civ. P. 15 Cmte. Notes ("[A] motion is not a 'pleading' as defined in Rule 7."); Fed. R. Civ. P. 7(a) (identifying pleadings as a complaint, an answer to a complaint, an answer to a counterclaim

2

designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer).

Because Plaintiffs appropriately filed their First Amended Complaint as a matter of course pursuant to Rule 15(a)(1)(B), Defendant's Motion to Strike is hereby **DENIED**.

### III. MOTION FOR EXPEDITED DISCOVERY

In their Opposed Motion for Expedited Discovery, (Dkt. 28), Plaintiffs argue that they need expedited discovery because KRG "has announced that, on or before the Court-ordered deadline of June 21, 2017, it will rebrand all its current Sirloin Stockade and Coyote Canyon restaurants to family-style buffet restaurants operating under the name Kansas Buffet Company." (*Id.* at 1). According to the motion, Stockade "asked KRG for basic information about how the new restaurants would operate, what they would serve, and what changes would be made to the interior and exterior of the buildings" in order to "protect its confidential information, trade secrets, and trade dress." (*Id.*). KRG refused to provide the information. (*Id.*).

In response, KRG argues that Plaintiffs' motion "is unnecessary [and] was filed without good cause and for the purpose of harassing, causing undue delay, and needlessly increasing the costs of litigation." (Resp., Dkt. 33, at 2). KRG further asserts that "Stockade will receive responsive information in the form of Kelly's written statement of compliance," which is due to be filed with the Court on or before June 21, 2017. (*Id.* at 2).

Federal Rules 34(b) and 26(d) allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g.*, *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules do not

3

provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g., Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. *Id.* "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

The Court is not satisfied that Plaintiffs have met their burden of showing that good cause exists to permit limited expedited discovery. A preliminary injunction is not pending, and the proffered purpose for requesting the expedited discovery is not compelling. As KRG notes, Plaintiffs will receive the information they seek when KRG files a written update with the Court, as it has been instructed to do on or before June 21, 2017. Plaintiffs' Motion for Expedited Discovery, (Dkt. 28), is therefore **DENIED**. However, the Court is not satisfied that Plaintiffs' motion serves no purpose but to "harass, cause unnecessary delay, [and] needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 26(g). Defendant's request that the Court order Plaintiff to pay the costs and fees incurred in responding to the Motion for Expedited Discovery is therefore also **DENIED**.

## IV. CONCLUSION

For the reasons detailed herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike, (Dkt. 31), is **DENIED**. Plaintiffs' Motion for Expedited Discovery, (Dkt. 28), is also hereby **DENIED**.

**SIGNED** on June 19, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE