**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STOCKADE COMPANIES, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STOCKADE FRANCHISING, LP | ) | |
| | ) | Civil Action No. 1:17-cv-00143 |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY RESTAURANT GROUP, LLC | ) | |
| | ) | |
|     Defendants | ) | |

**KELLY RESTAURANT GROUP'S OPPOSITION TO STOCKADE'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## I.  INTRODUCTION

After more than a year of negotiations about franchise de-branding, and five months of litigation—including a preliminary injunction motion, hearing and order granting its requested relief on the re-branding issue—and with literally no reasoned explanation for its most recent amendment, Stockade Companies, LLC and Stockade Franchising, LP (collectively, "Stockade") move for leave to amend their complaint for a second time after deficiently filing it with the Court. (Dkt. 37, 38).  Stockade does not seek leave to make a ministerial amendment.  Stockade instead asks the Court for permission to accept its new allegations so that it can continue to prosecute its supposed "emergency" causes of action in a forum where it is completely immune from Kelly Restaurant Group, LLC's ("KRG") counterclaims and full legal defense. The proposed amendment does not change the true nature of this action, as the simple fact remains that Stockade continues to wrongfully attempt to prevent KRG from operating any restaurant whatsoever at any of KRG's current restaurant locations.

Stockade's Second Amended Complaint purports to correct factual and legal deficiencies of the Amended Complaint, but it does not render the new allegations viable.  KRG's pending Motion to Dismiss still renders any amendment ineffective due to incurable deficiencies. (Dkt. 36).  Stockade's proposed amendment drops the noncompetition claim—an act long overdue considering the plain language of the provision, this Court's confirmation that KRG was not restricted from operating its restaurants, KRG's communications to Stockade that its "interpretation" had no basis in fact or law, and KRG's two motions to dismiss the frivolous claim. The proposed amended complaint also adds facts in a futile attempt to assure the Court that it is not actually asking for trade secret protection of *all* buffets.  Most importantly, however, Stockade's proposed Second Amended Complaint does not provide the Court with jurisdiction or proper venue, as fully explained in KRG's Motion to Dismiss.  (Dkt. 36).

The Court cannot ignore the obvious conclusion that Stockade's amendment attempts to avoid a ruling on the remaining points of the Motion to Dismiss, including lack of subject matter jurisdiction and improper venue.  Stockade again fabricates an emergency to use the Court as a

messenger service (KRG learns of Stockade's objections only through court filings) and to increase costs to KRG in this matter and in the pending arbitration, which is the lone forum where KRG can fully prosecute its claims or seek injunctive relief against Stockade.  Stockade is in the process of preparing another motion for preliminary injunction and filing another motion for expedited discovery, even though the Court rejected its previous attempts and even though Stockade already obtained its requested injunctive relief.  But these actions are improper because, as set forth in KRG's Motion to Dismiss, the Court no longer has jurisdiction and venue is now proper only in arbitration.  (Dkt. 36).

## II.  LEGAL STANDARD

The Supreme Court has set forth a number of factors for courts to consider when deciding whether leave to amend should be granted.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  These include whether there is undue delay, a bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies, undue prejudice to the opposing party, or futility of the proposed amendment.  *Id.*; *Cadle Co. v. Keyser*, WL 374624, at *1 (W.D. Tex. June 15, 2015). An amendment is futile if the amended complaint is subject to dismissal under Rule 12(b). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863 (5th Cir. 2000).  Where a proposed amendment is futile, courts have found this factor alone sufficient to deny leave to amend.  *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997).  Whether to grant leave to amend is within the discretion of the Court.  *See Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

## III.  ARGUMENT

### A.  The Second Amended Complaint is Filed in Bad Faith.

Stockade files its Second Amended Complaint without any meaningful meet and confer efforts and in an attempt to circumvent a ruling on KRG's Motion to Dismiss.

Courts reject proposed amendments where the real (but unstated) purpose behind the amendment is to avoid a dispositive ruling.  *See e.g., Wimm v. Jack Eckerd Corp.*, 3 F.3d 137-139-40 (5th Cir. 1993) (finding bad faith and denying leave where plaintiffs sought to amend to avoid summary judgment).  KRG's Motion to Dismiss asks the Court to make a determination regarding

venue and subject matter jurisdiction, as KRG contends that it this action no longer necessary or otherwise within the limited purview of the arbitration clause.  It also disputes the validity of Stockade's assertion that it owns the exclusive procedure for operating buffets as a trade secret, among other issues.  Stockade's amendment seeks to circumvent these determinations, or otherwise require KRG to re-file a third motion to dismiss so that this matter can proceed in the proper and more suitable forum where Stockade has already filed its Demand for Arbitration.

Stockade's bad faith is further underscored by its failure to meaningfully communicate with KRG on any issue, including the filing of the Second Amended Complaint, at any point in this litigation. Stockade's communications with KRG, mostly through counsel, consist of rhetorical questions that serve no purpose but to either insincerely satisfy the local meet and confer requirements or to falsely ensnare KRG so that it can mislead the Court in subsequent pleadings. KRG learns about Stockade's demands, such as what issues Stockade purportedly has with KRG's operation of its restaurants, only through Stockade's filings with this Court.

Stockade's bad faith attempt to avoid a ruling on KRG's Motion to Dismiss, and its failure to communicate with KRG prior to filing its Second Amended Complaint (or the motion for preliminary injunction and motion for expedited discovery that would follow) warrants an order denying leave to amend so that Stockade can address the remaining arguments in KRG's Motion to Dismiss.

### B.    The Second Amended Complaint is Futile.

A court may deny leave to amend where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997).  The Second Amended Complaint would suffer the same fatal deficiencies as the Amended Complaint, as the Court lacks subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) and because venue is improper under FED. R. CIV. P. 12(b)(3).  There is no instant emergency and injunctive relief is no longer necessary to protect Stockade's proprietary rights.  The Second Amended Complaint does not ask for new or additional relief that would provide Stockade with any additional safeguards. It asks for redundant relief, the practical effect of which is to further delay litigation of the merits of

3

this lawsuit.  Additionally, venue is proper in AAA, where Stockade has filed its Demand for Arbitration and where KRG intends to answer and counterclaim against the same.  As set forth in KRG's Motion to Dismiss, the franchise agreements do not require or permit Stockade's claim to be prejudicially split among separate forums under the circumstances.  The Court should deny Stockade's Motion for Leave to File a Second Amended Complaint so that the Court can render a decision on KRG's Motion to Dismiss.

### C.    Leave to Amend Would Unduly Prejudice KRG.

KRG has been a fair litigant at all times throughout these proceedings.  Stockade's threat of continued re-litigation of issues that have already been decided in this matter are impermissible. The cost, expense, delay and wear and tear that this would entail are elements of prejudice justifying denial of leave to amend.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Stockade already has its requested relief, as KRG has fully complied with the Preliminary Injunction Order.  (Compliance Report, Dkt. 35).  Now, Stockade asks the Court for leave to amend so that it can avoid a ruling on KRG's Motion to Dismiss, file another motion for preliminary injunction on dubious grounds to seek the same "emergency" equitable relief that is presently in effect, and to file another motion for expedited discovery, which the Court has already denied once before.  None of these actions are justified.  KRG has not yet had the opportunity even answer Stockade's allegations.  Nevertheless, a permissive ruling in favor of amendment would unduly prejudice KRG because KRG would again forgo the opportunity to be heard on its Motion to Dismiss.  The redundancy of Stockade's requested relief and the disproportionate measures it takes to seek incremental judicial protections do not warrant the undue prejudice that an amendment would cause to KRG considering the pending dispositive motion.

## IV.  CONCLUSION

The Court should deny Stockade's Motion for Leave to File a Second Amended Complaint because Stockade files a futile amendment in bad faith, which if allowed would unduly prejudice KRG.  The Court should deny the Motion and render a decision on the remaining issues in KRG's Motion to Dismiss.

Respectfully submitted,


DUANE MORRIS LLP

By: */s/ Cameron J. Asby*
    Cameron J. Asby
    Texas Bar No. 24078160
    cjasby@duanemorris.com
    Corey M. Weideman
    Texas Bar No. 24056505
    cmweideman@duanemorris.com
    Duane Morris LLP
    1330 Post Oak Blvd., Suite 800
    Houston, Texas 77056
    Tel: (713) 402-3900
    Fax: (713) 402-3901

    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 26, 2017 a true and correct copy of the forgoing was served via electronic means to all parties entitled to receive notice in this case through the Court's ECF system.

/s/ *Cameron J. Asby*
Cameron J. Asby