IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STOCKADE COMPANIES, LLC and STOCKADE FRANCHISING, LP, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:17-CV-143-RP |
| KELLY RESTAURANT GROUP, LLC, | | |
| Defendant. | | |

## ORDER

Before the Court in the above-entitled matter are Defendant's Motions to Dismiss for Failure to State a Claim, (Dkt. 36), and Plaintiffs' Motion for Leave to File a Second Amended Complaint, (Dkt. 39).

## I. BACKGROUND AND OVERVIEW

Plaintiffs Stockade Companies, LLC and Stockade Franchising, LP (collectively, "Plaintiffs" or "Stockade") own and license the trademarks for the Sirloin Stockade, Coyote Canyon, and Montana Mike's restaurants. (Compl., Dkt. 1, ¶ 1). Plaintiffs filed suit against Defendant Kelly Restaurant Group ("KRG" or "Defendant") on February 24, 2017. (Dkt. 1). They subsequently filed a Motion for Preliminary Injunction, which the Court granted in part on May 31, 2017. (Dkt. 26). On that date, the Court ordered KRG to de-brand its Sirloin Stockade, Coyote Canyon, and Montana Mike's franchise restaurants within 21 days. (*Id.* at 7).

On June 9, 2017, Plaintiffs filed a First Amended Complaint alleging that KRG, following the Court's order on Plaintiffs' Motion for Preliminary Injunction, intended to "make purely cosmetic changes to its buffet restaurants" and then "continue to operate identical buffets as it did under" its franchise agreement with Plaintiffs, "thereby misappropriating Stockade's trade secrets

1

and confidential information." (First Am. Compl., Dkt. 27, at 2). Plaintiffs also filed an Opposed Motion for Expedited Discovery, seeking expedited discovery on the issue of "whether KRG will be using Stockade's trade secrets in its buffet restaurants after de-branding" and whether "KRG will be continuing to use Stockade's buffet system and trade dress with a mere name change." (Mot. Expedited Discovery, Dkt. 28, at 3). KRG then filed an Opposed Motion to Strike the First Amended Complaint, arguing that it was not filed in accordance with Federal Rule of Civil Procedure 15(a). (Mot. Strike, Dkt. 31, at 1). After reviewing those motions, the Court denied Defendant's Motion to Strike. It also denied Plaintiffs' Motion for Expedited Discovery, reasoning that Plaintiffs would receive much of the information they sought when KRG filed a written update with the court on June 21, 2017. (Order, Dkt. 34).

On June 30, 2017, Defendant filed a Motion to Dismiss arguing both that Plaintiffs' Amended Complaint fails to state a claim and that the Court no longer has subject matter jurisdiction over the action. (Dkt. 36). Plaintiff did not respond to the Motion to Dismiss, instead filing an Amended Complaint on July 17, 2017. (Dkt. 37).[1] The Court marked that filing deficient, noting that Plaintiffs could not file it without leaving seeking leave from the Court. (Dkt. 38). Plaintiffs filed their Opposed Motion for Leave to File on July 19, 2017. (Dkt. 39).

## II. LEGAL STANDARD

Leave to file an amended pleading "shall be freely given when justice so requires," but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). In deciding whether to grant leave to file an amended pleading, a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to

---

[1] Even if Plaintiffs meant their Second Amended Complaint to serve as their response to Defendant's Motion to Dismiss, the Second Amended Complaint was filed after the response deadline.

2

cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm*, 3 F.3d 137, 139. The decision to grant or deny a motion to amend pleadings is within the sound discretion of the court. *Avatar Exploration, Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314 (5th Cir. 1991).

### III. DISCUSSION

In opposing Plaintiffs' Motion for Leave to Amend, Defendant argues primarily that (1) its pending Motion to Dismiss "still renders any amendment ineffective due to incurable deficiencies"; and (2) Plaintiffs' Motion for Leave to Amend was filed in bad faith. (Resp. Mot. Leave, Dkt. 40, at 2–3). The Court addresses each of these arguments in turn.

With respect to the alleged "incurable deficiencies" in Plaintiffs' claims, Defendant asserts that "[Plaintiffs'] proposed Second Amended Complaint does not provide the Court with jurisdiction or proper venue." (*Id.*). This argument, as outlined in Defendant's Motion to Dismiss, relies on the franchise agreements KRG signed with Plaintiffs. (Mot. Dismiss, Dkt. 36). According to Defendant, because those agreements include an arbitration clause and state that Plaintiff may seek judicial involvement only when doing so is "necessary to protect its Proprietary Marks," the fact that KRG has "fully de-branded" means Plaintiff has a duty to arbitrate. (*Id.* at 14). The text of the franchise agreements, however, in fact specifies that Plaintiff may seek judicial involvement when doing so "may be necessary to protect its Proprietary Marks *or other rights or property*." (Franchise Agreement, Dkt. 27-2, at § 21.02) (emphasis added). It is therefore far from a foregone conclusion that KRG's discontinued use of Plaintiffs' marks, by itself, is enough to preclude Plaintiffs from seeking judicial involvement or that KRG would suffer undue prejudice if the Court were to grant Plaintiffs' Motion for Leave to File.

As to the other, merits-based arguments in Defendant's Motion to Dismiss, the Court notes that Plaintiffs' proposed Second Amended Complaint includes several pages of new factual

3

assertions and incorporates revisions to several of Plaintiffs' legal arguments. (*See generally* Proposed Second Am. Compl., Dkt. 39-1). For that reason, alongside those stated above, the Court is unconvinced that Plaintiffs' proposed amendment is futile.

Defendant next argues that Plaintiffs seek leave to file their Second Amended Complaint "in an attempt to circumvent a ruling on [Defendant's] Motion to Dismiss." (Resp. Mot. Leave, Dkt. 40, at 3). While Defendant is correct to note that courts have "reject[ed] proposed amendments where the real (but unstated) purpose behind the amendment is to avoid a dispositive ruling," (*id.*), the Court is not satisfied that such motives are at play in the instant case. Indeed, Plaintiffs informed the Court as to their concerns about Defendant's post-branding activities as early as June 9, 2017. (Dkt. 28). The Court therefore cannot conclude that Plaintiffs have acted with undue delay, bad faith, or dilatory motive.

## IV. CONCLUSION

For the reasons detailed herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File, (Dkt. 39), is **GRANTED**. Defendant's Motion to Dismiss, (Dkt. 36), is hereby **DISMISSED AS MOOT**. Should Defendant wish to re-urge the arguments in its Motion to Dismiss, it is welcome to do so by way of a separate filing.

**SIGNED** on July 31, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE