IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STOCKADE COMPANIES, LLC and STOCKADE FRANCHISING, LP, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:17-CV-143-RP |
| KELLY RESTAURANT GROUP, LLC, | | |
| Defendant. | | |

**<u>ORDER</u>**

Before the Court in the above-entitled matter is Defendant's Opposed Motion for Reconsideration and Motion to Stay Expedited Discovery Order, (Dkt. 51). By way of the instant motion, Defendant seeks relief from the Court's order granting Plaintiffs' Opposed Motion for Expedited Discovery, (Dkt. 50). Defendant seeks reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that "the court may relieve a party" from an order for any "reason that justifies relief." Defendant asserts it should be granted relief because the Court granted Plaintiffs' motion before Defendant had an opportunity to respond. (Mot. Recons., Dkt. 51, at 2).

Local Rule CV-1 provides that "[a]ny judge of this court may waive any requirement of these rules regarding the administration of that judge's docket." W.D. Tex. Local Rule CV-1(e). The Court found that doing so here was appropriate because, given the nature of Plaintiffs' motion, allowing Defendants seven days to respond would necessarily have deprived Plaintiffs the relief sought. After considering the merits of Plaintiffs' motion, applicable law, and the history of this case, the Court concluded that granting Plaintiffs' motion without delay was the appropriate course of action.

The arguments contained in Defendant's Motion for Reconsideration further satisfy the Court that its conclusion was correct. Defendant contends that "the discovery sought . . . is unduly

1

burdensome" and that "certain discovery requests are not relevant." (Mot. Recons., Dkt. 51, at 2–3). The Court disagrees. The claims underlying the Motion for Preliminary Injunction were discussed at the hearing on Plaintiffs' prior Motion for Preliminary Injunction and were the subject of Plaintiffs' Amended Complaint. Moreover, discovery regarding manuals or operations is exceedingly relevant to Plaintiffs' current claims.

As the Court explained in a previous order, (Dkt. 34), courts assessing whether good cause for expedited discovery exists "often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). Here, a preliminary injunction is pending, Plaintiffs have limited their discovery requests to those topics directly at issue in their Motion for Preliminary Injunction, and—given the previous notice of the likelihood that these issues would be litigated provided by (1) the discussion at the May 12, 2017 hearing, and (2) Plaintiffs' amended complaint—the burden on Defendant to comply with the requests is not undue. The Court is therefore satisfied that no reason exists justifying Defendant's request for relief from its previous Order.

Defendant's Motion for Reconsideration, (Dkt. 51), is therefore **DENIED**. Defendant shall respond to all discovery requests, including requests for production, on or before August 7, 2017.

**SIGNED** on August 3, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE