IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STOCKADE COMPANIES, LLC and STOCKADE FRANCHISING, LP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:17-CV-143-RP |
| KELLY RESTAURANT GROUP, LLC, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court in the above-entitled matter are Plaintiffs' Opposed Motion to

Compel and for Discovery Sanctions, (Dkt. 66), and the responsive filings thereto. Having

considered the parties' arguments, the case file, and relevant law, the Court concludes that

Plaintiffs' motion is **DENIED**.

## I. BACKGROUND AND OVERVIEW

Plaintiffs Stockade Companies, LLC and Stockade Franchising, LP (collectively,

"Plaintiffs" or "Stockade") own and license the trademarks for the Sirloin Stockade, Coyote

Canyon, and Montana Mike's restaurants. (Compl., Dkt. 1, ¶ 1). Stockade filed suit against

Defendant Kelly Restaurant Group ("KRG" or "Defendant") on February 24, 2017. (Dkt.

1). Stockade subsequently filed a Motion for Preliminary Injunction, which the Court

granted in part on May 31, 2017. (Dkt. 26). In that order, the Court directed KRG to de-

brand its Sirloin Stockade, Coyote Canyon, and Montana Mike's franchise restaurants within

21 days. (*Id.* at 7). Defendant then rebranded the restaurants in question as "Kansas

Buffets."

Plaintiffs filed a second Motion for Preliminary Injunction on July 28, 2017, seeking an order enjoining Defendant from operating "family-style buffets" at former Stockade restaurants. (Dkt. 44). Stockade then moved for expedited discovery. (Dkt. 46). The Court granted that motion, ordering KRG to respond to Stockade's discovery requests within seven days.[1] (Dkt. 50).

While its second Motion for Preliminary Injunction was pending, Stockade filed the instant Motion to Compel and for Discovery Sanctions. (Dkt. 66). The motion alleges that KRG failed to comply with (1) the initial preliminary injunction's order that KRG return or delete manuals and related materials; and (2) an expedited discovery order entered by the Court following the filing of Stockade's second Motion for Preliminary Injunction. (*Id.* at 1).

The Court denied Stockade's second Motion for Preliminary Injunction on October 16, 2017. (Dkt. 86).

## II. DISCUSSION

As the Court has ruled on Stockade's second Motion for Preliminary Injunction, any argument regarding KRG's compliance with the expedited discovery directives are moot. The Court therefore focuses exclusively on Stockade's contention that KRG failed to comply with the initial preliminary injunction order.

---

[1] Stockade requested that KRG produce (1) from February 1, 2017 to the present, all documents relating to KRG's plans or efforts to re-brand its restaurants from Coyote Canyon to Sirloin Stockade; (2) all operating manuals, training manuals, quality control assessment tools, POS manuals, and recipes that KRG is using at the Kansas Buffets; (3) all plans related to any changes that KRG plans to make to the Kansas Buffets relating in any way to food, operations, or system of the restaurant, or to the interior or exterior of the buildings; (4) all documents related to customer communications to KRG regarding Kansas Buffets since June 15, 2017; (5) all copies of any manuals or other materials related to Stockade's operations of Coyote Canyon or Sirloin Stockade that KRG retained either in hard copy or in any data storage device; (6) all documents related to instructions regarding returning Stockade's manuals or other Stockade information; (7) from February 1, 2017 to the present, all documents related to Gale Premer or any Mexican franchisee of Stockade, including but not limited to communications between or among KRG and any of the Mexican franchisees. (Mot. Disc., Dkt. 46, at 7).

According to Stockade, KRG violated the initial preliminary injunction order by "return[ing] hardcopy manuals but ma[king] only a half-hearted effort [at] a system to delete electronically stored manuals and related materials." (Mot. Compel, Dkt. 66, at 1). In response, KRG asserts that it fully complied with the Court's order. (Resp, Dkt. 80, at 3). KRG notes that Stockade did not object to KRG's Compliance Report, (Dkt. 35), which detailed its compliance with the initial preliminary injunction order, and has offered no evidence supporting its claim that KRG is withholding relevant documents.

The Court agrees that any allegations by Stockade regarding KRG's noncompliance are speculative. Stockade's motion focuses primarily on KRG's process for collecting information—not on providing evidence regarding what information, if any, was allegedly withheld. (Mot. Compel, Dkt. 66, at 9–10; Reply, Dkt. 81, at 2). Moreover, testimony at hearings regarding Stockade's second Motion for Preliminary Injunction demonstrated that KRG did indeed return Stockade materials. (Tr., Dkt. 84, at 131, 170–72).

Stockade cites no law in support of its contention that the Court should require KRG to retain a forensic consultant or otherwise impose sanctions.[2] Given the evidence now before it, the Court sees no reason to grant such relief.

---

[2] Stockade relies on Federal Rule of Civil Procedure 37 to argue that KRG should be sanctioned for its alleged failure to comply with the expedited discovery order. (Mot. Compel, Dkt. 66, at 11). Rule 37 pertains to discovery matters. As noted above, any arguments related to the Court's order granting expedited discovery are now moot.

### III. CONCLUSION

Plaintiffs' Opposed Motion to Compel and for Discovery Sanctions, (Dkt. 66), is **DENIED**.

**SIGNED** on October 17, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE